UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERICK TORRES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SCHEAR CONSTRUCTION, LLC, a Florida Limited Liability Company.<br><br>Defendant. | CASE NO. 1:21-cv-04609<br><br>**COLLECTIVE / CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**CLASS / COLLECTIVE ACTION COMPLAINT**

ERICK TORRES ("Plaintiff"), by and through his undersigned attorneys, hereby submits the following complaint against SCHEAR CONSTRUCTION, LLC ("Schear" or "Defendant"), with personal knowledge as to his own actions, and upon information and belief as to those of others:

**NATURE OF THE ACTION**

1. This action seeks to redress Defendant's systematic policy and practices whereby it accepts work from employees without paying any wages for it, including overtime wages as required by the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), New York Labor Law, N.Y. Lab. Law, Art. 19 § 650 *et seq.* ("NYLL"), and Rules and Regulations of the State of New York ("NYCRR") § 142-2.

2. The FLSA, NYLL and NYCRR require employers to compensate employees for all hours worked, and at an overtime rate for all work completed over 40 hours per week. However, Defendant systematically failed to fully account for the hours worked by non-exempt

{00280367 }

employees, effectively forcing them to work off-the-clock and thus without due compensation including overtime pay.

3. Furthermore, Defendant suffered permitted employees, including Plaintiff to work for multiple workweeks, including throughout December 2020, without paying them anything whatsoever, and thus failed to pay them minimum wages in one of more workweeks.

4. Plaintiff brings his FLSA claims against Defendant as a collective action pursuant to 29 U.S.C. § 216 on behalf of all employees Defendant has employed for any length of time during the maximum allowable limitations period, and his NYLL claims as a class action pursuant to Fed. R. Civ. P. 23 on behalf of all New York employees Defendant has employed for any length of time during the maximum allowable limitations period.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because at least one Class member is of diverse citizenship from Defendant; there are more than 100 Class members; and the aggregate amount in controversy exceeds $5,000,000.

6. This Court also has jurisdiction under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b) and under 28 U.S.C. § 1331 (federal questions jurisdiction), and supplemental jurisdiction over Plaintiff's NYLL and NYCRR claims pursuant to 28 U.S.C. § 1367.

7. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(2), because Plaintiff worked for Defendant in this District and suffered the losses at issue in this District, and Defendant conducts significant business activities in this district.

## PARTIES

8. Erick Torres is a citizen of Valley Stream, New York, in Nassau County, who worked full time as a laborer for Defendant from July 2020 to December 2020.[1]

9. Schear Construction, LLC ("Schear" or "Defendant") is a Florida limited liability company with its principal office located in Oakland Park, Florida.

10. At all times relevant, Schear maintained an office in this District, from which it conducted its operations in New York.

## BACKGROUND FACTS

11. Plaintiff worked for Defendant as a Laborer from July 2020 to December 2020.

12. Plaintiff was employed as a full-time employee and—to the extent Defendant paid him at all—was typically paid solely day-rates for all day worked, without any overtime premium compensation when he worked overtime hours..

13. Throughout the relevant period, and in violation of state and federal law, Defendant knowingly permitted, encouraged, and required Plaintiff to work off-the-clock in multiple weeks and failed to pay him any wages for certain workweeks, despite the fact that Plaintiff performed full-time work in such weeks.

14. Additionally, throughout the relevant period, and in violation of state and federal law, Defendant failed to pay Plaintiff time and one half his regular rate of pay for overtime hours worked, instead paying him solely day-rates only.

15. Furthermore, Defendant failed to keep accurate records of Plaintiff's pay and time worked in violation of state and federal law.

---

[1] The written consent of Erick Torres is attached as **EXHIBIT A**.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16. Plaintiff brings a collective action pursuant to 29 U.S.C. §216(b) on behalf of a proposed collectives defined to include:

> All non-exempt employees Defendant employed during the maximum limitations period that were not paid for one or more workweeks.

> All non-exempt employees Defendant employed during the maximum limitations period who worked overtime hours but who were paid solely day rates and were not paid any overtime premium pay for such overtime hours worked.

17. Plaintiff reserves the right to modify the proposed collective definition at a later stage of litigation.

18. Plaintiff is a member of the proposed collective he seeks to represent because she worked for Defendant as a Laborer during the relevant period and suffered the overtime violation alleged above relating to time work in excess of her 40 hour work week.

19. This action may be properly maintained as a collective action on behalf of the putative Class because, during the relevant period:

   a. Plaintiff and the Class members had the same employer;

   b. Plaintiff and the Class members were governed by the same compensation policies, practices and systems;

   c. Plaintiff and the Class members were subjected to the same policies relating to the uncompensated work and undercompensated overtime;

   d. Plaintiff and the Class members were governed by the same payroll policies, practices and systems;

20. Plaintiff estimates that the collective group, including both current and former employees over the relevant period, will include at least 50 members. The precise number of members should be readily available from Defendant's personnel, scheduling, time and payroll records, and from input received from the Class members as part of the notice and "opt-in" process provided by 29 U.S.C. §216(b).

21. Given the composition and size of the Class, its members may be informed of the pendency of this action directly via U.S. mail, e-mail and/or the posting of written notices at Defendant's work sites.

## STATE LAW CLASS ACTION ALLEGATIONS

22. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this class action on behalf of himself and the following Class of similarly-situated individuals:

> All non-exempt employees Defendant employed in New York during the maximum limitations paid solely day rates and/or who were not compensated for some weeks of work (the "New York Class").

23. The New York Class specifically excludes Defendant; any parent, subsidiary, or affiliate of Defendant; any entity in which Defendant has or had a controlling interest, or which Defendant otherwise control or controlled; any officer, director, employee, legal representative, predecessor, successor, or assignee of Defendant; and the Court and Court personnel.

24. The Class is so numerous that joinder of all members is impracticable. The number and identity of class members may be determined by Defendant's records, but the class size very likely exceeds 50 people.

25. There are substantial questions of fact and law common to Plaintiff and all Class members, including, *inter alia*:

    a. Whether Defendant violated the NYLL and NYCRR by failing to pay Plaintiff and the Class members wages to compensate them for work performed in certain workweeks;

    b. Whether Defendant violated the NYLL and NYCRR by failing to pay Plaintiff and the Class members overtime premiums to compensate them for overtime hours worked;

    c. Whether Defendant's failure to pay Plaintiff and the Class members adequate wages and/or overtime premiums was in good faith.

26. Plaintiff's claims are typical of the Class.

27. Plaintiff will fairly and adequately protect the interests of the Class. His claims span the breadth of issues raised in this action.

28. Plaintiff's counsel is appropriately qualified to represent the Class as Class Counsel.

29. Joinder of Class members' individual actions is impractical because of the limited ability of individual Class members to institute separate suits and the general nature of the underlying action and relief sought.

30. The prosecution of separate actions by individual Class members would create a risk of inconsistent results that could establish incompatible standards of conduct for Defendant.

31. Defendant have acted and refused to act on grounds generally applicable to the Class, making appropriate final injunctive relief with respect to the Class as a whole.

32. Defendant's liability for damages can be established by facts and circumstances common to the Class as a whole and does not require the examination of the Plaintiff's individual circumstances.

33. Questions of law and fact common to members of the Class predominate over any questions affecting only individual members.

34. A class action is superior in this case to other methods for a fair and efficient adjudication of the controversy because: (A) the common interests of the Class members predominate over any individual interest in controlling prosecution or control of separate actions; (B) no similar litigation between the parties is currently pending in court; (C) concentrating litigation of this action in this Court is appropriate to ensure appropriate, consistent, and efficient resolution of the issues raised; and (D) there will be no significant difficulties in managing an action involving this Class.

## FLSA COVERAGE

35. Plaintiff repeats, realleges and incorporates by reference each of the foregoing allegations as though fully set forth herein.

36. Defendant is an "employer" as defined by 29 U.S.C. § 203(d).

37. Plaintiff is an "employee" as defined by 29 U.S.C. § 203(e)(1).

38. The wages Defendant paid to Plaintiff and the collective group members are "wages" as defined by 29 U.S.C. § 203(m).

39. Defendant is an "enterprise" engaged in commerce within the meaning of 29 U.S.C. § 203(r).

## CLAIMS FOR RELIEF

## COUNT I – VIOLATION OF THE FLSA (OVERTIME)

### (On Behalf of the FLSA Collective)

40. Plaintiff and the collective group members are similarly situated individuals within the meaning of 29 U.S.C. §216(b) with the FLSA's requirements, and Plaintiff and the collective group members were covered employees entitled to the FLSA's protections.

41. Defendant failed to compensate Plaintiff and other similarly situated employees properly for their overtime hours worked.

42. Plaintiff and other similarly situated employees worked for Defendant for more than 40 hours in some weeks but not paid overtime in violation of FLSA, 29 U.S.C. § 207(a)(1).

43. Throughout the relevant period, Defendant paid Plaintiff solely day rates or a set amount of pay per day worked.

44. Throughout the time period, Defendant was obligated to comply with the FLSA requirements, Plaintiff was a covered employee entitled to the FLSA's protections, and Plaintiff was not exempt from receiving wages required by the FLSA for any reason.

45. In failing to ensure that Plaintiff actually received all overtime wages owed, Defendant acted knowingly and with reckless disregard of clearly applicable FLSA provisions.

46. Defendant has no good faith justification or defense for failing to pay Plaintiff and the collective group members all wages mandated by the FLSA.

47. Pursuant to the FLSA, Plaintiff is entitled to recover from Defendant the unpaid overtime wages and liquidated damages equal in amount Plaintiff and the collective group's unpaid overtime wages, plus attorney's fees and costs.

## COUNT II – VIOLATION OF THE FLSA (MINIMUM WAGE)

### (On Behalf of the FLSA Collective)

48. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-39 above.

49. Plaintiff, and those similarly situated, were/are entitled to be paid the applicable minimum wage for each week worked during their employment with Defendant.

50. Defendant failed to pay Plaintiffs, and those similarly situated, the applicable minimum wage for each week/hour worked for Defendant.

51. Defendant had specific knowledge that they were paying sub-minimum wages to Plaintiffs (or no wages at all), but still failed to pay Plaintiffs at least minimum wages.

52. Defendant willfully failed to pay Plaintiffs the applicable minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

53. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiffs have been damaged in the loss of minimum wages, for one or more weeks of work with Defendant.

54. As a result of these common policies, Plaintiffs, and those similarly situated, are entitled to receive the difference between the full statutory minimum wage and the hourly wage actually paid to them if any.

55. Defendant knew its conduct violated the FLSA or acted in reckless disregard of the FLSA provisions.

56. Plaintiffs, and those similarly situated, are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT III - VIOLATION OF NEW YORK LABOR LAW §§ 650 *et seq.*
### (On Behalf Of The NYLL Class)

57. Plaintiff repeats, realleges and incorporates by reference each of the foregoing allegations as though fully set forth herein.

58. NYLL § 652 requires that every employee must be paid for "each hour worked" by their employer.

59. Through their conduct described above, Defendant has engaged in a widespread pattern, policy, and practice of violating the NYLL.

60. At all relevant times, Plaintiff and the Class members have been employees of Defendant, and Defendant has been the employer of Plaintiff and the Class members within the meaning of the NYLL §§ 650 *et seq*.

61. Through its knowing or intentional failure to pay agreed upon hourly wages to Plaintiff and the Class members, Defendant has willfully violated the NYLL, Article 19, §§ 650 *et seq*.

62. Defendant required Plaintiff and Class members to work without due compensation.

63. NYLL § 663(1) provides that Plaintiff and all other employees are entitled to recover the amount of any such underpayments.

64. NYLL § 663(1) further provides that Plaintiff and all other class members are entitled to an award of their costs incurred in pursuing this claim, an award of reasonable attorneys' fees incurred in pursuing this claim and an award of prejudgment interest at the applicable rate.

65. Under NYLL § 663(1), Defendant is liable for a penalty in the amount of 100% of the total of the amount due during the relevant period as Defendant cannot prove a good faith basis to believe that its underpayment was in compliance with the law.

66. Due to Defendant's willful violations of the NYLL, Plaintiff and the Class members are entitled to recover from Defendant their unpaid wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### COUNT IV - VIOLATION OF THE NYLL § 650 AND NYCRR § 142-2
### (On Behalf Of The NYLL Class)

67. Plaintiff repeats, realleges and incorporates by reference each of the foregoing allegations as though fully set forth herein.

68. Through their conduct described above, Defendant has engaged in a widespread pattern, policy, and practice of violating the NYLL.

69. At all relevant times, Plaintiff and the Class members have been employees of Defendant, and Defendant has been the employer of Plaintiff and the Class members within the meaning of the NYLL §§ 650 *et seq*.

70. Through it's knowing or intentional failure to pay overtime wages to Plaintiff and the Class members, Defendant has willfully violated the NYLL, Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

71. NYLL § 650 *et seq*. confers power upon the Commissioner of Labor and the wage board to recommend regulations with respect to overtime rates.

72. Accordingly, NYCRR § 142-2 provides for overtime rate compensation within the state of New York.

73. Plaintiff and the Class members are "Employees" as defined by NYCRR § 142-2.14.

74. NYCRR § 142-2.2 requires an employer to "pay an employee for overtime at a wage rate of one and one-half times the employees regular rate . . ." in accordance with, and subject to the exemptions of sections 7 and 13 of 29 U.S.C. 201 *et seq.*, the Fair Labor Standards Act of 1938, as amended.

75. Defendant failed to pay Plaintiff and the collective group members the required overtime rate when their off-the-clock combined with their regularly scheduled work resulted in more than 40 hours per week.

76. Accordingly, Plaintiff performed work for which she was not properly compensated, and work of which Defendant had actual or constructive knowledge.

77. Defendant has no good faith justification or defense for failing to pay Plaintiff and the collective group members all wages mandated by the NYCRR.

78. NYLL § 663(1) provides that Plaintiff and all other employees are entitled to recover the amount of any such underpayments.

79. NYLL § 663(1) further provides that Plaintiff and all other Class members are entitled to an award of their costs incurred in pursuing this claim, an award of reasonable attorneys' fees incurred in pursuing this claim and an award of prejudgment interest at the applicable rate.

80. Under NYLL § 663(1) Defendant is liable for a penalty in the amount of 100% of the total of the amount due during the relevant period as Defendant cannot prove a good faith basis to believe that its underpayment was in compliance with the law.

### COUNT IV- VIOLATION OF NEW YORK LABOR LAW §§ 190 *et seq*.- FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

### (On Behalf Of NYLL Class)

81. Plaintiff repeats, realleges and incorporates by reference each of the foregoing allegations as though fully set forth herein.

82. Defendant failed to supply Plaintiff and the Class members with accurate statements of wages as required under the NYLL, Article 6, § 195(3). Specifically, Defendant failed to provide an accurate number of hours worked by Plaintiff and the Class members because Defendant failed to list the time Plaintiff and the Class worked during their break times.

83. Through their knowing or intentional failure to provide Plaintiff and the Class members with the accurate wage statements required under the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Regulations.

84. Due to Defendant's willful violations of NYLL, Article 6, § 195(3), Plaintiff and the Class members are entitled to statutory penalties, reasonable attorneys' fees, costs, and injunctive relief and declaratory relief, as provided for by NYLL, Article 6, §198(1-d).

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for an Order:

A. certifying this matter to proceed as a class action;

B. approving Plaintiff as Class representative of the proposed Class;

C. appointing Morgan & Morgan, P.A. to serve as Class Counsel;

D. requiring Defendant to provide the names and current (or best known) addresses of all members of the identified Collective and Class;

E. authorizing Class Counsel to issue a notice informing the Class members that this action has been filed, of the nature of the action, and of their right to opt out of this lawsuit;

F. finding that Defendant willfully violated the applicable provisions of the FLSA by failing to pay all required wages and overtime to Plaintiff and the collective group members;

G. finding that Defendant willfully violated the applicable provisions of the NYLL by failing to pay all required wages and overtime to Plaintiff and the New York Class members;

H. granting judgment in favor of Plaintiff and the members of the collective group and Class on all Counts;

I. awarding all available compensatory damages in an amount to be determined;

J. awarding all available statutory damages;

K. awarding an equal amount of liquidated damages as provided by the FLSA;

L. awarding reasonable attorneys' fees and reimbursement of all costs and expenses incurred in litigating this action;

M. awarding all available equitable and injunctive relief precluding the continuation of the policies and practices pled in this Complaint;

N. awarding any further relief the Court deems just, necessary and proper;

O. granting leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

P. maintaining jurisdiction over this action to ensure Defendant's compliance with the foregoing.

**DEMAND FOR JURY TRIAL**

Plaintiff, by and through his undersigned counsel, hereby demands a jury trial in the above-captioned matter.

Date:   August 16, 2021             Respectfully submitted,

                                    By:  */s/ Andrew R. Frisch*
                                    **Andrew R. Frisch, Esq**.
                                    **MORGAN & MORGAN, P.A.**
                                    8151 Peters Road, Suite 4000
                                    Plantation, FL 33324
                                    Telephone: (954) WORKERS
                                    Facsimile:  (954) 327-3013
                                    Email:       afrisch@forthepeople.com

                                    *Attorneys for Plaintiff and the Putative Collective and Class*