UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

ERICK TORRES, individually and on behalf of all others similarly situated,

Plaintiff,

v.

MIDAS CONTRACTORS CORP., L&M DRYWALL INC, XIMENA ANDREA ANDRADE, Individually, and MARIO BENITEZ BOGADO, Individually,

Defendants.

CASE NO. 1:21-cv-04609

COLLECTIVE / CLASS ACTION COMPLAINT

JURY TRIAL DEMANDED

## AMENDED CLASS / COLLECTIVE ACTION COMPLAINT[1]

ERICK TORRES ("Plaintiff"), by and through his undersigned attorneys, hereby submits the following complaint against Defendants, MIDAS CONTRACTORS CORP. ("MIDAS"), L&M DRYWALL INC ("L&M"), XIMENA ANDREA ANDRADE, Individually ("XIMENA"), and MARIO BENITEZ BOGADO, Individually ("BOGADO"), ("Defendants"), with personal knowledge as to his own actions, and upon information and belief as to those of others:

## NATURE OF THE ACTION

1. This action seeks to redress the Defendants' systematic policy and practices whereby they accept work from employees without paying legally-mandated wages for it, including overtime wages as required by the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201

---
[1] Plaintiff amends this Complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure based on defendants' written consent.

*et seq.* ("FLSA"), New York Labor Law, N.Y. Lab. Law, Art. 19 § 650 *et seq*. ("NYLL"), and Rules and Regulations of the State of New York ("NYCRR") § 142-2.

2. The FLSA, NYLL and NYCRR require employers to compensate employees for all hours worked, and at an overtime rate for all work completed over 40 hours per week. However, the Defendants systematically failed to fully account for the hours worked by non-exempt employees, effectively forcing them to work off-the-clock and thus without due compensation including overtime premium pay.

3. Furthermore, the Defendants suffered/permitted employees, including Plaintiff to work for multiple workweeks, including throughout December 2020, without paying them anything whatsoever, and thus failed to pay them minimum wages in one of more workweeks.

4. Plaintiff brings his FLSA claims against Defendants as a collective action pursuant to 29 U.S.C. § 216, on behalf of all employees Defendants have employed for any length of time during the maximum allowable limitations period, and his NYLL claims as a class action pursuant to Fed. R. Civ. P. 23 on behalf of all New York employees Defendants have employed for any length of time during the maximum allowable limitations period.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because at least one Class member is of diverse citizenship from Defendant; there are more than 100 Class members; and the aggregate amount in controversy exceeds $5,000,000.

6. This Court also has jurisdiction under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b) and under 28 U.S.C. § 1331 (federal questions jurisdiction), and supplemental jurisdiction over Plaintiff's NYLL and NYCRR claims pursuant to 28 U.S.C. § 1367.

7. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(2), because all or significantly all acts/omissions giving rise to the instant claims occurred in this District, the instant claims accrued in District, and Defendants conducts significant business activities in this District.

**PARTIES**

8. Erick Torres is a citizen of Valley Stream, New York, in Nassau County, who worked full time as a laborer for Defendants from July 2020 through December 2020.

9. Defendant, MIDAS ) is a New York Domestic Business Corporation, incorporated in Kings County, New York.

10. At all times material hereto, MIDAS was a New York Domestic Business Corporation.

11. At all times material hereto, MIDAS owned and operated a construction business in the State of New York.

12. At all times material hereto, Defendant, XIMENA owned and operated Midas Contractors Corp.

13. At all times material hereto, XIMENA managed and operated Midas Contractors Corp. on a day-to-day basis.

14. At all times material hereto, XIMENA regularly exercised the authority to hire and fire employees of Midas Contractors Corp.

15. At all times material hereto, XIMENA determined the work schedules for the employees of Midas Contractors Corp.

16. At all times material hereto, XIMENA directed the day-to-day work of Plaintiff and those similarly situated.

17. At all times material hereto, XIMENA controlled the finances and operations of Midas Contractors Corp.

18. At all times material hereto, XIMENA was engaged in business in the State of New York.

19. At all times relevant, Midas maintained an office in this District, from which it conducted its operations in New York.

20. Defendant, L&M is a Domestic Business Corporation with its principal office located in New York, New York.

21. At all times material hereto, L&M was a New York Domestic Business Corporation.

22. At all times material hereto, L&M owned and operated a construction business in the State of New York.

23. At all times material hereto, Defendant, BOGADO owned and operated L&M.

24. At all times material hereto, BOGADO managed and operated L&M, on a day-to-day basis.

25. At all times material hereto, BOGADO regularly exercised the authority to hire and fire employees of L&M.

26. At all times material hereto, BOGADO determined the work schedules for the employees of L&M.

27. At all times material hereto, MARIO BENITEZ BOGADO directed the day-to-day work of Plaintiff and those similarly situated.

28. At all times material hereto, BOGADO controlled the finances and operations of L&M DRYWALL INC.

29. At all times material hereto, BOGADO was engaged in business in the State of New York.

30. At all times relevant, L&M maintained an office in this District, from which it conducted its operations in New York.

## BACKGROUND FACTS

31. Plaintiff was employed by Defendants as a Laborer from July 2020 to December 2020.

32. Plaintiff was employed as a full-time employee and—to the extent he was paid at all—was typically paid "straight time" for all hours worked (i.e. the identical hourly rate of pay for both non-overtime and overtime hours).

33. Throughout the relevant period, and in violation of state and federal law, Defendants knowingly permitted, encouraged, and required Plaintiff to work off-the-clock in multiple weeks and failed to pay him any wages for certain workweeks, despite the fact that Plaintiff performed full-time work in such weeks.

34. Additionally, throughout the relevant period, and in violation of state and federal law, Defendants failed to pay Plaintiff time and one half his regular rate of pay for overtime hours worked, instead paying him solely "straight time" or his regular hourly rate for his overtime hours worked.

35. Furthermore, Defendants failed to keep accurate records of Plaintiff's pay and time worked in violation of state and federal law.

## FLSA COLLECTIVE ACTION ALLEGATIONS

36. Plaintiff brings a collective action pursuant to 29 U.S.C. §216(b) on behalf of a proposed collectives defined to include:

> All non-exempt employees Defendants employed during the maximum limitations period that were not paid for one or more workweeks and/or werepaid "straight time" for overtime hours worked and credited.

37. Plaintiff reserves the right to modify the proposed collective definition at a later stage of litigation.

38. Plaintiff is a member of the proposed collective he seeks to represent because he worked for Defendants as a Laborer during the relevant period and suffered both the minimum wage and the overtime violations alleged above relating to time work in excess of his 40 hour work week.

39. This action may be properly maintained as a collective action on behalf of the putative Class because, during the relevant period:

   a. Plaintiff and the Class members had the same employers;

   b. Plaintiff and the Class members were governed by the same compensation policies, practices and systems;

   c. Plaintiff and the Class members were subjected to the same policies relating to the required work, non-payment for weeks worked and non-payment of FLSA-mandated overtime premiums;

   d. Plaintiff and the Class members were governed by the same payroll policies, practices and systems;

40. Plaintiff estimates that the collective group, including both current and former employees over the relevant period, will include at least 100 members. The precise number of members should be readily available from Defendants' personnel, scheduling, time and payroll records, and from input received from the Class members as part of the notice and "opt-in" process provided by 29 U.S.C. §216(b). Given the composition and size of the Class, its

members may be informed of the pendency of this action directly via U.S. mail, e-mail and/or text message.

## STATE LAW CLASS ACTION ALLEGATIONS

41. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this class action on behalf of herself and the following Class of similarly-situated individuals:

> All non-exempt employees Defendants employed during the maximum limitations period that were not paid for one or more workweeks and/or werepaid "straight time" for overtime hours worked and credited.

42. The New York Class specifically excludes Defendants; any parent, subsidiary, or affiliate of Defendants; any entity in which Defendants have or had a controlling interest, or which Defendants otherwise control or controlled; any officer, director, employee, legal representative, predecessor, successor, or assignee of Defendants; and the Court and Court personnel.

43. The Class is so numerous that joinder of all members is impracticable. The number and identity of class members may be determined by Defendants' records, but the class size very likely exceeds 100 people.

44. There are substantial questions of fact and law common to Plaintiff and all Class members, including, *inter alia*:

   a. Whether Defendants violated the NYLL and NYCRR by failing to pay Plaintiff and the Class members wages to compensate them for work performed in one or more workweeks; and

   b. Whether Defendants violated the NYLL and NYCRR by failing to pay Plaintiff and the Class members legally-mandated overtime premiums for overtime hours worked

45. Plaintiff's claims are typical of the Class.

46. Plaintiff will fairly and adequately protect the interests of the Class. His claims span the breadth of issues raised in this action.

47. Plaintiff's counsel is appropriately qualified to represent the Class as Class Counsel.

48. Joinder of Class members' individual actions is impractical because of the limited ability of individual Class members to institute separate suits and the general nature of the underlying action and relief sought. The prosecution of separate actions by individual Class members would create a risk of inconsistent results that could establish incompatible standards of conduct for Defendants.

49. Defendants have acted and refused to act on grounds generally applicable to the Class, making appropriate final injunctive relief with respect to the Class as a whole.

50. Defendants' liability for damages can be established by facts and circumstances common to the Class as a whole and does not require the examination of the Plaintiff's individual circumstances.

51. Questions of law and fact common to members of the Class predominate over any questions affecting only individual members.

52. A class action is superior in this case to other methods for a fair and efficient adjudication of the controversy because: (A) the common interests of the Class members predominate over any individual interest in controlling prosecution or control of separate actions; (B) no similar litigation between the parties is currently pending in court; (C) concentrating litigation of this action in this Court is appropriate to ensure appropriate, consistent, and efficient

resolution of the issues raised; and (D) there will be no significant difficulties in managing an action involving this Class.

## FLSA COVERAGE

53. Plaintiff repeats, realleges and incorporates by reference each of the foregoing allegations as though fully set forth herein.

54. Defendant(s) is an "employer" as defined by 29 U.S.C. § 203(d).

55. Defendants are joint employers as defined by the FLSA and NYLL.

56. Defendants are a joint enterprise as defined by the FLSA.

57. Plaintiff is an "employee" as defined by 29 U.S.C. § 203(e)(1).

58. The wages Defendants paid to Plaintiff and the collective group members are "wages" as defined by 29 U.S.C. § 203(m).

59. Defendants are an "enterprise" engaged in commerce within the meaning of 29 U.S.C. § 203(r).

## CLAIMS FOR RELIEF

### COUNT I – VIOLATION OF THE FLSA (OVERTIME)
### (On Behalf of the FLSA Collective)

60. Plaintiff and the collective group members are similarly situated individuals within the meaning of 29 U.S.C. §216(b) with the FLSA's requirements, and Plaintiff and the collective group members were covered employees entitled to the FLSA's protections.

61. Defendants failed to compensate Plaintiff and other similarly situated employees for overtime hours they worked, in excess of 40 hours in a workweek for in violation of FLSA, 29 U.S.C. § 207(a)(1).

62. Throughout the relevant period, Defendants paid Plaintiff at a rate between $17.00 and $17.21 per hour.

63. Throughout the time period, Defendants were obligated to comply with the FLSA requirements, Plaintiff was a covered employee entitled to the FLSA's protections, and Plaintiff was not exempt from receiving wages required by the FLSA for any reason.

64. Defendants violated the FLSA by failing to pay Plaintiff an overtime premium wage for each overtime hour he worked in excess of 40 hour works a week.

65. In failing to ensure that Plaintiff actually received all overtime wages owed, Defendants acted knowingly and with reckless disregard of clearly applicable FLSA provisions.

66. Defendants have no good faith justification or defense for failing to pay Plaintiff and the collective group members all wages mandated by the FLSA.

67. Pursuant to the FLSA, Plaintiff is entitled to recover from Defendants the unpaid overtime wages and liquidated damages equal in amount Plaintiff and the collective group's unpaid overtime wages, plus attorney's fees and costs.

## COUNT II – VIOLATION OF THE FLSA (MINIMUM WAGE)
### (On Behalf of the FLSA Collective)

68. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-59 above.

69. Plaintiff, and those similarly situated, were/are entitled to be paid the applicable minimum wage for each week worked during their employment with Defendants.

70. Defendants failed to pay Plaintiffs, and those similarly situated, the applicable minimum wage for each week worked for Defendants.

71. Defendants have specific knowledge that they were paying sub-minimum wages

to Plaintiffs, but still failed to pay Plaintiffs at least minimum wages.

72. Defendants willfully failed to pay Plaintiffs the applicable minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

73. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages, for one or more weeks of work with Defendants.

74. As a result of these common policies, Plaintiff, and those similarly situated, are entitled to receive the difference between the full statutory minimum wage and the hourly wage actually paid to them, if any.

75. Defendants knew their conduct violated the FLSA or acted in reckless disregard of the FLSA provisions.

76. Plaintiff, and those similarly situated, are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT III - VIOLATION OF NEW YORK LABOR LAW §§ 650 *et seq.*
### (On Behalf Of The NYLL Class)

77. Plaintiff repeats, realleges and incorporates by reference each of the foregoing allegations as though fully set forth herein.

78. NYLL § 652 requires that every employee must be paid for "each hour worked" by their employer.

79. Through their conduct described above, Defendant has engaged in a widespread pattern, policy, and practice of violating the NYLL.

80. At all relevant times, Plaintiff and the Class members have been employees of Defendants, and Defendants have been the employer of Plaintiff and the Class members within the meaning of the NYLL §§ 650 *et seq.*

81. Through its knowing or intentional failure to pay agreed upon hourly wages to Plaintiff and the Class members, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq*.

82. Defendants required Plaintiff and Class members to work without due compensation.

83. NYLL § 663(1) provides that Plaintiff and all other employees are entitled to recover the amount of any such underpayments.

84. NYLL § 663(1) further provides that Plaintiff and all other class members are entitled to an award of their costs incurred in pursuing this claim, an award of reasonable attorneys' fees incurred in pursuing this claim and an award of prejudgment interest at the applicable rate.

85. Under NYLL § 663(1), Defendants are liable for a penalty in the amount of 100% of the total of the amount due during the relevant period as Defendants cannot prove a good faith basis to believe that its underpayment was in compliance with the law.

86. Due to Defendants' willful violations of the NYLL, Plaintiff and the Class members are entitled to recover from Defendants their unpaid wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**COUNT IV - VIOLATION OF THE NYLL § 650 AND NYCRR § 142-2**
**(On Behalf Of The NYLL Class)**

87. Plaintiff repeats, realleges and incorporates by reference each of the foregoing allegations as though fully set forth herein.

88. Through their conduct described above, Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL.

89. At all relevant times, Plaintiff and the Class members have been employees of Defendants, and Defendants have been the employer of Plaintiff and the Class members within the meaning of the NYLL §§ 650 *et seq*.

90. Through its knowing or intentional failure to pay overtime wages to Plaintiff and the Class members, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

91. NYLL § 650 *et seq*. confers power upon the Commissioner of Labor and the wage board to recommend regulations with respect to overtime rates.

92. Accordingly, NYCRR § 142-2 provides for overtime rate compensation within the state of New York.

93. Plaintiff and the Class members are "Employees" as defined by NYCRR § 142-2.14.

94. NYCRR § 142-2.2 requires an employer to "pay an employee for overtime at a wage rate of one and one-half times the employees regular rate . . ." in accordance with, and subject to the exemptions of sections 7 and 13 of 29 U.S.C. 201 *et seq.*, the Fair Labor Standards Act of 1938, as amended.

95. Defendants failed to pay Plaintiff and the Class the required overtime rate when they worked more than than 40 hours per workweek.

96. Defendants have no good faith justification or defense for failing to pay Plaintiff and the collective group members all wages mandated by the NYCRR.

97. NYLL § 663(1) provides that Plaintiff and all other employees are entitled to recover the amount of any such underpayments.

98. NYLL § 663(1) further provides that Plaintiff and all other Class members are entitled to an award of their costs incurred in pursuing this claim, an award of reasonable attorneys' fees incurred in pursuing this claim and an award of prejudgment interest at the applicable rate.

99. Under NYLL § 663(1) Defendants are liable for a penalty in the amount of 100% of the total of the amount due during the relevant period as Defendants cannot prove a good faith basis to believe that its underpayment was in compliance with the law.

### COUNT IV- VIOLATION OF NEW YORK LABOR LAW §§ 190 *et seq.*- FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

**(On Behalf Of NYLL Class)**

100. Plaintiff repeats, realleges and incorporates by reference each of the foregoing allegations as though fully set forth herein.

101. Defendants failed to supply Plaintiff and the Class members with accurate statements of wages as required under the NYLL, Article 6, § 195(3).

102. Through their knowing or intentional failure to provide Plaintiff and the Class members with the accurate wage statements required under the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Regulations.

103. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff and the Class members are entitled to statutory penalties, reasonable attorneys' fees, costs, and injunctive relief and declaratory relief, as provided for by NYLL, Article 6, §198(1-d).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for an Order:

A. certifying this matter to proceed as a class action;

B. approving Plaintiff as Class representative of the proposed Class;

C. appointing Morgan & Morgan, P.A. to serve as Class Counsel;

D. requiring Defendant to provide the names and current (or best known) addresses of all members of the identified Collective and Class;

E. authorizing Class Counsel to issue a notice informing the Class members that this action has been filed, of the nature of the action, and of their right to opt out of this lawsuit;

F. finding that Defendant willfully violated the applicable provisions of the FLSA by failing to pay all required wages and overtime to Plaintiff and the collective group members;

G. finding that Defendant willfully violated the applicable provisions of the NYLL by failing to pay all required wages and overtime to Plaintiff and the New York Class members;

H. granting judgment in favor of Plaintiff and the members of the collective group and Class on all Counts;

I. awarding all available compensatory damages in an amount to be determined;

J. awarding all available statutory damages;

K. awarding an equal amount of liquidated damages as provided by the FLSA;

L. awarding reasonable attorneys' fees and reimbursement of all costs and expenses incurred in litigating this action;

M. awarding all available equitable and injunctive relief precluding the continuation of the policies and practices pled in this Complaint;

N. awarding any further relief the Court deems just, necessary and proper;

O. granting leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

P. maintaining jurisdiction over this action to ensure Defendant's compliance with the foregoing.

## DEMAND FOR JURY TRIAL

Plaintiff, by and through his undersigned counsel, hereby demands a jury trial in the above-captioned matter.

Dated: February 11, 2022

Respectfully submitted,

By: */s/ Andrew R. Frisch*
**Andrew R. Frisch, Esq**.
**NY Bar No. 3957115**
**MORGAN & MORGAN, P.A.**
8151 Peters Road, Suite 4000
Plantation, FL 33324
Telephone: (954) WORKERS
Facsimile: (954) 327-3013
Email: afrisch@forthepeople.com
*Attorney for Plaintiff and the Putative Collective and Class*