UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ERICK TORRES, *individually and on behalf of
all others similarly situated*,

                                    Plaintiff,

            -against-

L&M DRYWALL INC., *et al.*,

                                    Defendants.

-----------------------------------------------------------X

**REPORT AND
RECOMMENDATION**
21 CV 4609 (PKC) (CLP)

**POLLAK**, United States Magistrate Judge:

On August 16, 2021, plaintiff Erick Torres, individually and on behalf of all others similarly situated, commenced this action, alleging violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the New York Labor Law §§ 190, *et seq.*, and §§ 650, *et seq.*, and Rules and Regulations of the State of New York § 142-2.  (ECF No. 1).  Following the filing of the Complaint, a number of other individuals filed Notices of Filing Consent to Join (ECF Nos. 8, 9, 10, 11, 12, 13, 14, 15, 16).[1]

Currently pending before this Court on referral from the Honorable Pamela K. Chen is plaintiff's amended motion for default judgment.  For the reasons set forth below, it is respectfully recommended that plaintiff's motion be denied without prejudice to refile in accordance with Local Rules 7.1 and 55.2.

---

[1] The individuals who filed consents to join included Gonzalo Gimenez (ECF No. 8), Gregory Johnson (ECF No. 10), Veronica Perez Lopez (ECF No. 11), Jesus Alvarado (ECF No. 12), Fabio Servian Silvero (ECF No. 13), Juan Carlos Romero (ECF No. 14), Mauro Sanchez (ECF No. 15), and Alexander Aragon (ECF No. 16). Subsequently, on March 2, 2023, Gregory Johnson, Gonzalo Gimenez, Jesus Alvarado, and Mario Sanchez withdrew their consents.  (ECF Nos. 47-50).  On April 26, 2024, Fabio Servian Silvero and Alexander Aragon withdrew their consents.  (ECF Nos. 59-60).  Both the named plaintiff Erick Torres and Ramon Riveros filed consents to join but not in this action (ECF Nos. 3, 9).  Instead, the caption on their papers was <u>Jhon Sarmiento v. Schear Construction, LLC</u>, Dkt No. 20 CV 61249 (S.D. Fla.).  Thereafter, on February 14, 2024, Ramon Riveros filed a corrected consent to join.  (ECF No. 57).  While Erick Torres did not file a corrected consent form, he is not required to as he is the named plaintiff in this case.

FACTUAL AND PROCEDURAL BACKGROUND

In his initial Complaint filed on August 16, 2021, plaintiff Torres alleged that from July 2020 to December 2020, he was employed as a laborer by Schear Construction, LLC ("Schear"), a Florida limited liability company, with its principal office located in Oakland Park, Florida. (ECF No. 1 ¶¶ 8-9). Plaintiff alleged that Schear failed to pay him and other employees the applicable minimum wages, and at times no wages at all, in violation of the FLSA and NYLL, failed to pay overtime wages in violation of the FLSA and NYLL. (Id., Counts One through Four). Plaintiff also alleged that Schear failed to provide accurate wage statements as required under NYLL § 195(3). (Id., Count Five).

On November 23, 2021, defendant Schear filed an Answer and Affirmative Defenses to Plaintiff's Class/Collective Action Complaint (the "Answer") (ECF No. 17). Thereafter, on February 11, 2022, plaintiff, on consent of the defendant, filed an Amended Class/Collective Action Complaint, eliminating Schear as a defendant and instead, naming as defendants Midas Contractors Corp. ("Midas"), L&M Drywall Inc. ("L&M"), Ximena Andrea Andrade ("Andrade"), and Mario Benitez Bogado ("Bogado"). (ECF No. 24). In lieu of an Answer, defendants Andrade and Midas filed a motion to dismiss for failure to state a claim on April 22, 2022 (ECF No. 32), which was struck by the district court on April 24, 2022 given the moving defendants' failure to request a pre-motion conference prior to filing. (Order, dated 4/24/2022).

On June 20, 2022, plaintiff filed a Second Amended Class/Collective Action Complaint against L&M and Bogado, removing Andrade and Midas as defendants. (ECF No. 37). In the Second Amended Complaint, plaintiff alleges that he worked full time as a laborer for L&M and Bogado from July 2020 through December 2020. (Id. ¶ 8). According to the pleadings, defendant L&M operated a construction business in the State of New York and defendant Bogado owned and operated L&M, with the power to hire and fire employees for L&M and

other contracting companies.  (Id. ¶¶ 9-15).  Plaintiff alleges that defendant Bogado determined the work schedules of the employees, assigned the employees their day-to-day duties, directed the manner in which the work was to be performed, controlled the finances of L&M, and determined the rate of pay for plaintiff and other similarly situated employees.  (Id. ¶¶ 17-23).

According to the plaintiff, he was employed full time by L&M until his termination by Bogado in December 2020, and that during that time, to the extent he was paid at all, he was paid straight time at the identical hourly rate for all hours worked.  (Id. ¶¶ 16, 27).  Plaintiff alleges that he worked in excess of 40 hours per week every work week in each of the months of July through December 2020.  (Id. ¶¶ 29-34).  Plaintiff asserts that during this time, defendants failed to pay him time and a half for the hours worked in excess of 40 in a given week and that he was only paid straight time for his overtime hours.  (Id. ¶ 36).  In December 2020, plaintiff claims that defendants encouraged and required plaintiff to work off-the-clock during multiple weeks and then failed to pay him any wages for certain weeks even though plaintiff worked full time during those weeks.  (Id. ¶ 35).  In addition to alleging claims that defendants violated the FLSA and NYLL by willfully failing to pay him minimum and overtime wages and failing to provide accurate wage statements, plaintiff brings these claims on behalf of other similarly situated laborers employed by defendants.

Despite proper service (see ECF Nos. 41, 42), neither L&M or Bogado filed an answer or moved to dismiss the Second Amended Complaint.  Plaintiff then sought a certificate of default, which the Clerk of Court entered on August 16, 2022.  (ECF Nos. 43, 44).  Thereafter, on March 2, 2023, plaintiff moved for default judgment (ECF No. 51), and the motion was referred to the undersigned on March 7, 2023.  (Order, dated 3/7/2023).  On February 13, 2024, this Court held an inquest hearing, at which neither defendant L&M or Bogado appeared.  (Minute Entry, dated

2/13/2024).  Given certain discrepancies in the papers, plaintiff thereafter withdrew his motion. (ECF No. 56).  On February 13, 2024, given that plaintiff withdrew his motion, the district court denied the motion for default judgment as moot.  (Order, dated 2/13/2024).

On April 29, 2024, plaintiff filed his Amended Motion for Default Judgment (the "Amended Motion"), which includes Declarations from plaintiff Erick Torres and opt-in plaintiffs Veronica Perez Lopez, Ramon Riveros, and Juan Carlos Romero; Affidavits of Service; and an Affidavit of Andrew R. Frisch, counsel to plaintiff, with an exhibit of counsel's cost ledger to date.  (ECF No. 61).  This Court held an inquest hearing on the Amended Motion on December 17, 2024, at which none of the defendants appeared.  (See Minute Entry, dated 12/18/2024).  At the inquest hearing, plaintiffs provided testimony, and counsel indicated that he would file a separate motion for attorney's fees.  (Id.)  To date, no such motion or further documentation has been filed.

DISCUSSION

I.    <u>Legal Standard</u>

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Rule 55 sets forth a two-part procedure for entering a default judgment.  First, the Clerk of Court enters a default by noting the defaulting party's failure to respond or appear.  Id. Second, if the defaulting party fails to vacate the entry of default pursuant to Rule 55(c), the appearing party may seek a default judgment to establish liability and, if proven, damages.  Fed. R. Civ. P. 55(b).

In determining whether a default judgment should be entered, the Second Circuit has cautioned that a default judgment is an "extreme sanction" that "must remain a weapon of last,

4

rather than first, resort." <u>Meehan v. Snow</u>, 652 F.2d 274, 277 (2d Cir. 1981); <u>see also</u> <u>Sheet</u> <u>Metal, Air, Rail & Transp. Workers Loc. Union No. 127 v. Frank Torrone & Sons, Inc.</u>, No. 15 CV 2224, 2018 WL 4771897, at *4 (E.D.N.Y. Oct. 3, 2018), <u>adopting report and</u> <u>recommendation</u>, 2018 WL 6161655 (E.D.N.Y. Sept. 4, 2018).  While the Second Circuit has recognized the pressure on district courts "to dispose of cases that . . . delay and clog [their] calendar[s]" due to the litigants' "disregard of the rules," the Circuit instructs district courts to "maintain a balance between clearing [their] calendar[s] and affording litigants a reasonable chance to be heard." <u>Enron Oil Corp. v. Diakuhara</u>, 10 F.3d 90, 95–96 (2d Cir. 1993); <u>see also</u> <u>Jeremiah v. 5 Towns Jewish Times, Inc.</u>, No. 22 CV 5942, 2023 WL 6593997, at *2 (E.D.N.Y. Aug. 9, 2023), <u>report and recommendation adopted</u>, 2023 WL 5703698 (E.D.N.Y. Sept. 5, 2023).  Thus, in light of the "oft-stated preference for resolving disputes on the merits," defaults are "generally disfavored" and "doubt[s] should be resolved in favor of the defaulting party." <u>Enron Oil Corp. v. Diakuhara</u>, 10 F.3d at 95–96; <u>see also</u> <u>Erwin DeMarino Trucking Co. v.</u> <u>Jackson</u>, 838 F. Supp. 160, 162 (S.D.N.Y. 1993) (stating that courts must "supervise default judgments with extreme care to avoid miscarriages of justice").  Furthermore, "[Rule 55(b)] states that a judgment by default 'may' be entered under specified circumstances, not that it must." <u>Erwin DeMarino Trucking Co. v. Jackson</u>, 838 F. Supp. at 162.  Accordingly, a plaintiff is not entitled to a default judgment as a matter of right simply because the defendant is in default, <u>see, e.g.</u>, <u>id.</u>, and courts have significant discretion in deciding whether to enter default judgment, <u>see</u> <u>Jeremiah v. 5 Towns Jewish Times, Inc.</u>, 2023 WL 6593997, at *2.

The burden is on the plaintiff to establish his entitlement to recovery.  <u>See</u> <u>Greyhound</u> <u>Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.</u>, 973 F.2d 155, 158 (2d Cir. 1992), <u>cert. denied</u>, 506 U.S. 1080 (1993).  When a default judgment is entered, the defendants are deemed to have

admitted all well-pleaded allegations in the complaint pertaining to liability, but not those related to damages. See id.; Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).

II.    Analysis

Before recommending that the court enter default judgment, this Court must determine if plaintiff has complied with the procedural requirements of the Local Civil Rules of the Eastern and Southern Districts of New York (the "Local Civil Rules"). Bhagwat v. Queens Carpet Mall, Inc., No. 14 CV 5474, 2017 WL 9989598, at *1 (E.D.N.Y. Nov. 21, 2017) (holding that "[a] motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules"); see also Morales v. Los Cafetales Res. Corp., No. 21 CV 1868, 2023 WL 375647, at *3 (E.D.N.Y. Jan. 3, 2023) for the proposition that "[l]ocal rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution" (quoting Contino v. United States, 535 F.3d 124, 126 (2d Cir. 2008)), report and recommendation adopted, 2023 WL 375642 (E.D.N.Y. Jan. 24, 2023).

Pursuant to Local Civil Rule 55.2(a), a movant's motion for default judgment must append "(1) an affidavit or declaration showing that:  (A) the clerk has entered default under Local Civil Rule 55.1; (B) the party seeking default judgment has complied with the Servicemembers Civil Relief Act, 50a U.S.C. § 521; and (C) the party against whom judgment is sought is not known to be a minor or an incompetent person, . . ." as well as "(2) . . . a proposed order detailing the proposed judgment to be entered," and "(3) a certificate of service stating that all documents in support of the request for default judgment . . . have been . . . served on, or mailed . . . [to] the party against whom default judgment is sought."

Here, plaintiff has not complied with Rule 55.2(a).  He has not included an affidavit that included the statements required in Rule 55.2(a)(1); he has not appended a proposed form of

judgment to his motion; and he never filed a certificate of service indicating that his motion

papers were served on, or that he attempted service upon, defendants. (See ECF No. 61).

 More critically, plaintiff has also failed to comply with Local Civil Rule 7.1, pursuant to

which filings for a dispositive motion must include:

> (1) A notice of motion, or an order to show cause signed by the court, which shall specify the applicable rules or statutes pursuant to which the motion is brought, and shall specify the relief sought by the motion;
>
> (2) A memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined; and
>
> (3) Supporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion.

 Courts in this Circuit have held that a moving party's failure to attach a memorandum of

law and other supporting documents in accordance with Local Civil Rule 7.1 is sufficient

grounds to deny a motion. Avillan v. Donahoe, No. 13 CV 509, 2015 WL 728169, at *6–7

(S.D.N.Y. Feb. 19, 2015) (explaining that the "failure to submit a memorandum of law, standing

alone, is sufficient cause for granting or denying a motion" (quoting Wenzhou Wanli Food Co.,

Ltd. v. Hop Chong Trading Co., No. 98 CV 5045, 2000 WL 964944, at *3 (S.D.N.Y. July 11,

2000))); see also Agarwal v. United States, No. 14 CV 1873, 2015 WL 5638032, at *2, *4

(S.D.N.Y. July 20, 2015) (holding that default judgment motion was "procedurally defective"

because movant failed to file a supporting memorandum of law, affidavit, and exhibits

"containing any factual information . . . necessary for the decision of the motion, as required by

the court's Local Civil Rules"), report and recommendation adopted, 2015 WL 5794418

(S.D.N.Y. Oct. 5, 2015). While district courts retain broad discretion to excuse or overlook a

party's failure to comply with the local rules, they typically will not do so unless the "interests of

justice" support that approach. <u>Cea v. Access 23 TV</u>, No. 11 CV 3791, 2015 WL 5474070, at *3 (S.D.N.Y. Sept. 15, 2015); <u>see also</u> <u>Cardoza v. Mango King Farmers Mkt. Corp.</u>, No. 14 CV 3314, 2015 WL 5561033, at *2 n.4 (E.D.N.Y. Sept. 1, 2015) (explaining that a court "may deny [a] motion" for failure to comply with local filing rules but "is not required to do so"), <u>report and recommendation adopted</u>, 2015 WL 5561180 (E.D.N.Y. Sept. 21, 2015).

In support of plaintiff's request for entry of default judgment against defendants, plaintiff has submitted a Motion for Default Judgment, including plaintiffs' Declarations, Affidavits of Service, and an Affidavit of Andrew R. Frisch, counsel to plaintiff.  (ECF No. 61).  However, plaintiff has not filed a separate Memorandum of Law in support of the motion.  While the Motion for Default Judgment is titled "Plaintiff's Renewed Motion for Default Judgment and Incorporated Memorandum of Law in Support," the motion includes no memorandum of law containing a legal argument, nor does it appear to incorporate any memorandum of law from the previous motion, given that the previous motion is similarly devoid of a memorandum of law. (<u>See</u> ECF No. 51).  In addition, the motion includes no exhibits containing damages calculations and no request for attorney's fees or supporting documentation thereto.  As noted above, although counsel indicated at the inquest hearing that a separate motion for attorney's fees was forthcoming, no such motion has been filed.

Plaintiff's failure to comply with the filing requirements cannot be excused in this case. By failing to provide a Memorandum of Law and certain supporting exhibits, plaintiff has not given the Court sufficient information necessary to evaluate liability or calculate the appropriate quantum of damages in this case in accordance with applicable caselaw.  Further, while the defendants are deemed to have admitted all well-pleaded allegations in the complaint pertaining to liability, <u>Gunawan v. Sake Sushi Rest.</u>, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012), "the quantum

of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." Parris v. Pappas, 844 F. Supp. 2d 271, 274 (D. Conn. 2012) (quoting Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974)).  Plaintiffs' Declarations do contain detailed allegations as to wages owed.  However, without a damages chart indicating the exact weeks and days on which plaintiffs were owed wages, defendants cannot adequately prepare to contest, and the Court cannot adequately assess, plaintiffs' allegations.  In addition, to the extent that counsel is seeking attorney's fees, those fees also must be delineated in the paperwork and supporting documentation – namely, contemporaneous billing records, setting forth the dates and amount of time during which services were rendered, the rate at which the services were charged, along with the name of the attorney, law clerk, or paralegal, and a description of services performed.  See New York State Assoc. for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983).  Such documentation should be submitted along with the other motion papers, rather than in a separate motion.

<u>CONCLUSION</u>

Accordingly, the Court respectfully recommends that plaintiff's amended motion for default judgment be denied at this time without prejudice and with leave to renew in compliance with this Report and Recommendation and the Court's Local Civil Rules.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See, e.g., Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).  Plaintiff is Ordered to serve this Report and Recommendation on defendants and file proof of service on the docket within one week.

9

**SO ORDERED.**

Dated:  Brooklyn, New York
        February 27, 2025

                                          /s/ Cheryl L. Pollak
                                          Cheryl L. Pollak
                                          United States Magistrate Judge
                                          Eastern District of New York