UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
ERIC TORRES, *individually and on behalf of
all others similarly situated*,

                         Plaintiff,

            - against -

L&M DRYWALL INC., *et al.*,

                        Defendants.

--------------------------------------------------------x

**ORDER ADOPTING**
**REPORT AND RECOMMENDATION**
21-CV-4609 (PKC) (PCG)

PAMELA K. CHEN, United States District Judge:

Plaintiff Eric Torres, individually and on behalf of all others similarly situated, brought this action against Defendants L&M Drywall Inc. and Mario Benitez Bogado, alleging, *inter alia*, violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). (Second Am. Compl., Dkt. 37.)  After Defendants failed to answer Plaintiff's Complaint, Plaintiff requested a certificate of default, (Req. Certificate of Default, Dkt. 43).  On August 16, 2022, the Clerk of Court entered default against Defendants.  (Clerk's Entry of Default, Dkt. 44.)

On April 29, 2024, Plaintiff moved for default judgment.  (Pl.'s Am. Mot. Default J., Dkt. 61.)  The Court referred the motion to the Honorable Cheryl L. Pollak, Magistrate Judge. (04/30/2024 Dkt. Order Referring Motion); 28 U.S.C. § 636(b)(1)(A) (authorizing a district judge to refer certain pretrial matters to a magistrate judge).  On February 27, 2025, Judge Pollak recommended denying the motion due to Plaintiff's failure to abide by Local Rule 7.1 and 55.2.[1]

---

[1] Judge Pollak found that Plaintiff had failed to satisfy Local Rule 7.1 by not including in his motion papers: (1) a Memorandum of Law in support of his default judgment motion; (2) "exhibits containing damages calculations," and (3) a separate "request for attorney's fees or supporting documentation thereto."  (Report and Recommendation ("R&R"), Dkt. 65, at 8.) Judge Pollak similarly found that Plaintiff had failed to comply with Rule 55.2(a)'s requirements that his motion include an affidavit containing "the statements required in Rule 55.2(a)(1)" and "a

(Report and Recommendation ("R&R"), Dkt. 65, at 1.)  The Court adopted Judge Pollak's R&R. (03/17/2025 Dkt. Order.)  Plaintiff filed an amended motion for default judgment, (Dkt. 67), which this Court referred to Judge Pollak, (03/17/2025 Dkt. Order Referring Motion).  On February 6, 2026, the Honorable Peggy Cross-Goldenberg, Magistrate Judge,[2] issued an R&R recommending that the motion to grant default judgment again be denied for failure to comply with Local Rule 55.2.  (R&R, Dkt. 71, at 4–5.)

This time, Judge Cross-Goldenberg found that although Plaintiff now provided a memorandum of law containing adequate legal argument, (*see id.* at 3–4 (citing Local Civ. R. 7.1)), and contemporaneous billing records to support counsel's application for costs, Plaintiff failed to provide a declaration or affidavit compliant with Local Civil Rule 55.2(a)(1), as well as a "damages chart detailing the exact weeks and days on which plaintiffs are owed damages," (*id.* at 4.)  Judge Cross-Goldenberg found that the former defect was "alone[] . . . a basis for denying the motion."  (*Id.* at 4 n.4.)  Judge Cross-Goldenberg also found that Plaintiff Torres could not seek damages on behalf of opt-in Plaintiffs Ramon Riveros, Juan Romero, and Veronica Lopez, as they were not named in the Second Amended Complaint.  (*Id.* at 5–6.)  However, Judge Cross-Goldenberg recommended allowing Plaintiff another opportunity to attempt to cure these deficiencies by filing a Third Amended Complaint ("TAC"), serving the TAC on Defendants, and, in the event of default, moving for a certificate of default and filing a second amended motion for default judgment.  (*Id.* at 6–7.)

---

proposed form of judgment," and that Plaintiff "file[] a certificate of service indicating that his motion papers were served on, or that he attempted service upon, defendants."  (*Id*. at 6–7.)

[2] This case was reassigned to Judge Cross-Goldenberg on January 13, 2026.

No objections have been filed to Judge Cross-Goldenberg's R&R, and the time for doing so has passed.

"When no timely objection is filed" to a magistrate judge's R&R, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee's note to 1983 amendment; *Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018) (summary order); *see also Thomas v. Arn*, 474 U.S. 140, 153 (1985) ("Congress would not have wanted district judges to devote time to reviewing magistrate's reports except to the extent that such review is requested by the parties or otherwise necessitated by Article III of the Constitution."). The Court has reviewed Judge Cross-Goldenberg's R&R and, discerning no clear error, adopts it in full, with two points of clarification and emphasis, discussed below.

Although Plaintiff submitted a Memorandum of Law with his amended default judgment motion, in an effort to comply with Local Rule 7.1, the Court finds it important to underscore that mere compliance with Rule 7.1 does not entitle Plaintiff to default judgment. The Court finds that Plaintiff's "memorandum" makes sparse discussion of the requisite showing under the NYLL and FLSA, such as the requisite number of hours an employee needs to work to be entitled to overtime wages or what constitutes well-pleaded allegations of hours worked. It also contains less than two pages of caselaw and presents largely conclusory analysis. (*See* Dkt. 67, ¶ 11 ("Plaintiff alleges he and others similarly situated were not paid all statutorily required wages owed for their regular/straight time and overtime hours worked during the relevant employment period with Defendants.").) The Court warns Plaintiff that if he fails to cure these substantive deficiencies in his second amended motion for default judgment, that motion is likely to be dismissed—this time, with prejudice. *See Yeager v. Solanta Corp*, No. 22-CV-4297 (LDH) (RER), 2023 WL 11879821,

3

at *2 (E.D.N.Y. Feb. 21, 2023) (documenting instances where courts have found cursory memoranda of law to violate Rule 7.1); *see also United Prop. & Cas. Ins. Co. v. Hillgen-Santa*, 624 F. Supp. 3d 106, 114 (D. Conn. 2022) (reiterating that while the court is required to accept all well-pleaded allegations as true, plaintiff still carries the burden of establishing liability and entitlement to recovery).

The Court also wishes to distinguish Judge Cross-Goldenberg's damages-related finding—namely, that "without details of the exact weeks and dates on which plaintiff was owed wages, neither the Court nor defendants can determine the accuracy of counsel's calculations, including whether plaintiff indeed did work 48 hours of overtime," (R&R, Dkt. 71, at 4)—from a potential finding about Plaintiff's failure to *state* an overtime wage claim based on the insufficiency of the allegations about the hours that Plaintiff worked each week.  In the context of assessing damages in an NYLL or FLSA case, the case law establishes that "an employee need only as a *prima facie* matter present an estimate of damages that is satisfactory as 'a matter of just and reasonable inference.'"  *Aminov v. EC Commodities Corp.*, No. 16-CV-4800 (AMD) (SMG), 2017 WL 9511075, at *5 (E.D.N.Y. July 6, 2017) (quoting *Harold Levinson Assocs., Inc. v. Chao*, 37 Fed. Appx. 19, 20–21 (2d Cir. 2002)), *report and recommendation adopted*, 2018 WL 542245 (E.D.N.Y. Jan. 24, 2018).  In other words, "[t]he law does not require Plaintiffs to recall exact dates, exact hours, or exact amounts of wages received."  *Ni v. Bat-Yam Food Servs. Inc.*, No. 1:13-CV-7274 (ALC) (JCF), 2016 WL 369681, at *4 n.2 (S.D.N.Y. Jan. 27, 2016).  However, the standard for establishing *liability* under NYLL and FLSA is a different inquiry.  *See* Order Adopting R&R, *Rios et al v. Dar Yemma Corp. et al*, 1:23-cv-8036 (PKC) (PCG) (March 18, 2023), Dkt. 55.  Here, as Judge Cross-Goldenberg found, contradictions in the record preclude a determination of damages with reasonable certainty.  However, in preparing a second amended

4

default judgment motion, Plaintiff should be mindful of the possibility that insufficiently specific allegations about the hours he worked each week could result in a finding that he has failed to even establish an overtime wage claim under the NYLL or FLSA.

## CONCLUSION

For the reasons set forth in the Report and Recommendation, the Court denies Plaintiff's motion for default judgment.  Specifically, Plaintiff is ordered to file the TAC by **April 20, 2026**, properly joining the opt-in plaintiffs, fixing any inconsistencies in the pleadings, and ensuring that Plaintiff's allegations are well-pled.  Plaintiff should promptly serve the TAC on each Defendant and, if that Defendant again fails to appear, Plaintiff may then move for a certificate of default and default judgment against that Defendant on the TAC.  *Lemon Tree Dev. LLC v. Philopatyr Corp.*, No. 10-CV-5228 (ARR), 2011 WL 6396624, at *2 (E.D.N.Y. Dec. 20, 2011).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated:  March 20, 2026
       Brooklyn, New York

5